**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Angelo Brown, | No. CV-14-02126-PHX-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| Phoenix Police Department, et al., | |
| Defendants. | |

Before the court is Defendants' Motion to Stay Civil Case Pending Criminal Trial Pursuant to Younger and Heck (Doc. 35). Plaintiff was arrested by the Phoenix Police Department on March 22, 2014, after allegedly driving drunk, resisting arrest, and assaulting one or more officers. (Doc. 35 at 2.) At the police station, officers drew Plaintiff's blood without consent in order to measure its alcohol content, notwithstanding Plaintiff's objection that drawing blood violated his religious beliefs. (*Id.*) Plaintiff sued Defendants in Maricopa County Superior Court on July 24, 2014, seeking damages under 42 U.S.C. § 1983 for alleged deprivation of his Fourth and First Amendment rights. (Doc. 1-1 at 2-3.) Defendants removed the case to this court on September 25, 2014. (Doc. 1.) In an indictment dated October 7, 2014, the state charged Plaintiff with aggravated assault, resisting arrest, aggravated driving, possession or use of marijuana, and possession of drug paraphernalia. (Doc. 35-1 at 6-7.) According to the state court docket, Plaintiff's criminal trial is currently scheduled for July 13, 2015, although Defendants claim that "a realistic trial date for the State would be in August 2015."

(Doc. 35 at 3.) Defendants now move to stay Plaintiff's action in this court until his criminal case is resolved.

Defendants make their request pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), where the Supreme Court held that federal district courts should abstain from considering requests to enjoin state criminal proceedings unless the state criminal statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph" or the prosecution is motivated by "bad faith" or "harassment." 401 U.S. at 53-54. *Younger* abstention is grounded in a concern that the federal courts endeavor to "vindicate and protect federal rights and federal interests," but only in "ways that will not unduly interfere with the legitimate activities of the States." *Id.* at 44. "*Younger* principles apply in an action for damages pursuant to 42 U.S.C. § 1983 in which the federal plaintiff brings a constitutional challenge to a state proceeding when that proceeding is ongoing; the state proceeding is of a judicial nature, implicating important state interests; and the federal plaintiff is not barred from litigating his federal constitutional issues in that proceeding." *Gilbertson v. Albright*, 381 F.3d 965, 984, (9th Cir. 2004). But this is so only when determination of the federal plaintiff's constitutional claims "would have the same practical effect on the state proceedings as the injunctive relief condemned in *Younger*." *Id.*

Here, Defendants do not explain how adjudication of Plaintiff's claims in this court would interfere with the pending state criminal prosecution. They do not allege that judgment in Plaintiff's favor would lead to the exclusion of evidence in state court or otherwise prevent the state from vindicating its interest in enforcing its criminal laws. Without greater knowledge of the state proceedings, this court cannot determine that *Younger* abstention is appropriate.

Defendants also cite to *Heck v. Humphrey*, 512 U.S. 477 (1994). The Supreme Court held in that case that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the

conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486-87. As Plaintiff has not yet been convicted of any crime, *Heck* is simply inapplicable.

Defendants' Motion will therefore be denied. Nevertheless, given that Plaintiff's criminal trial should be resolved within two months at most, the court will continue the Rule 16 scheduling conference, currently set for July 24, 2015, until September 4, 2015. Consistent with the court's June 4, 2015 Scheduling Order (Doc. 33), the parties must provide initial disclosures at least twenty-one days prior to, and file a discovery plan no more than seven days prior to, the scheduling conference.

IT IS THEREFORE ORDERED that Defendants' Motion to Stay Civil Case Pending Criminal Trial Pursuant to Younger and Heck (Doc. 35) is denied.

IT IS FURTHER ORDERED that the Rule 16 scheduling conference in this case is continued until **September 4, 2015, at 10 a.m.** in Courtroom 504, Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, Arizona 85003.

Dated this 24th day of June, 2015.

Neil V. Wake
United States District Judge